IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

MRC44, LLC,
A Florida Limited Liability Company; and
60 NE 11TH, LLC,
A Florida Limited Liability Company,

CIRCUIT CIVIL DIVISION

      Plaintiffs,

CASE NO.:

vs.

CITY OF MIAMI, FLORIDA,
A Florida Municipal Corporation

      Defendant.
_____/

## COMPLAINT

Plaintiffs, MRC44, LLC ("MRC") and 60 NORTHEAST 11TH, LLC ("60 NE") sues the CITY OF MIAMI, FLORIDA ("City") and alleges:

### GENERAL ALLEGATIONS

1. MRC44, LLC is a Florida Limited Liability Company with property interests at 90 NE 11th Street, Miami, FL 33132 ("90 Property").
2. 60 Northeast 11th, LLC is a Florida Limited Liability Company with property interests at 60 NE 11th Street, Miami, FL 33132 ("60 Property").
3. The City of Miami ("City") is a Florida Municipal Corporation.
4. 90 Property and 60 Property are located within the City of Miami.
5. Venue is therefore proper because this action arose in and concerns certain real property located in Miami-Dade County, Florida.
6. MRC44, LLC desires to own and operate a medical marijuana treatment center at 90 Property.
7. 60 NE desires to own and operate a medical marijuana treatment center at 60 Property.
8. Medical marijuana treatment center dispensing facilities ("Dispensary or Dispensaries")

1

are permitted in Florida pursuant to Art. 10, Sec. 29, Florida Constitution (1968) and Florida Statute 381.986.

9. Pursuant to Sec. 381.986 (11), Florida Statutes, the regulation of Dispensaries has been preempted to the state subject to specific exceptions. ("The Preemption").

10. Sec. 381.986 (11)(b) 1, Florida Statutes creates one of the specific exceptions, to wit: a municipality may, by ordinance, totally ban Dispensaries from being located within its boundaries.

11. Sec. 381.986 (11)(b) 2, Florida Statutes creates a second specific exceptions, to wit: a municipality may, by ordinance, determine the criteria for the location of, and other permitting requirements for Dispensaries located within its boundaries.

12. Sec. 381.986 (11)(d), Florida Statutes allows municipalities to ensure that a Dispensary complies with the Florida Building Code, Florida Fire Prevention Code, or local amendments thereto.

13. The City has not enacted any ordinance(s) banning Dispensaries.

14. The City has not enacted any ordinance(s) determining the criteria for the location of, and other permitting requirements for Dispensaries located within its boundaries.

## COUNT I
(Declaratory Judgment)

15. This is an action for declaratory judgment and supplemental relief pursuant to Ch. 86, Florida Statutes.

16. Plaintiffs reallege the allegations of Paragraphs 1-14, *supra*.

17. Plaintiffs contend that whereas the City has not enacted any ordinance(s) banning Dispensaries nor has the City enacted any ordinance(s) determining the criteria for the location of, and other permitting requirements for Dispensaries located within its boundaries Plaintiffs may establish a Dispensary in any location within the City of Miami, regardless of Transect Zone.

18. Plaintiffs further contend that whereas the City has not enacted any ordinance(s) determining the criteria for the location of, and other permitting requirements for Dispensaries located within its boundaries, Plaintiffs may establish a Dispensary without

2

the necessity of obtaining any City permits, including but not limited to, Certificates of Use (CU) as a prerequisite to operating a Dispensary within the City's boundaries.

19. The City contends that the Plaintiffs are subject to Transect Zone restrictions contained in Miami 21, the City's zoning ordinance, as to where a Dispensary may be located.
20. The City further contends that Plaintiffs are required to meet all City permitting requirements, including obtaining a CU, and not just those relating to compliance with the Florida Building Code, Florida Fire Prevention Code, or local amendments thereto.
21. Plaintiffs are in doubt as to their rights under Sec. 36-4, the Charter of the City of Miami, the Constitution of the United States, and Florida Constitution.

WHEREFORE, Plaintiffs demand judgment declaring the rights of the parties and such other, further, or supplemental relief as may be necessary or appropriate pursuant to Florida Statute § 86.011(2).

Respectfully Submitted: April 21, 2021.

        **PANZA, MAURER & MAYNARD, P.A.**
*Counsel for Defendant*
Coastal Towers – Suite 905
2400 East Commercial Boulevard
Fort Lauderdale, Florida 33308
Tel:   (954) 390-0100
Fax:   (954) 390-7991

By:   */s/ Richard A. Beauchamp*
    Richard A. Beauchamp, Esq.
    Florida Bar No.: 471313
    rbeauchamp@panzamaurer.com
    Benjamin P. Bean, Esq.
    Florida Bar No.: 72984
    bbean@panzamaurer.com